IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GREGORY WATSON, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) Case No. 04-0850-CV-W-HFS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

Before the court is plaintiff's motion to vacate, set aside, and/or correct his sentence pursuant to 28 U.S.C. § 2255. After entering into a plea agreement on Count I of an indictment charging Conspiracy to Distribute 5 Kilograms or more of Cocaine, 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, on August 21, 2002, plaintiff was sentenced to a term of imprisonment of 90 months.[1] Plaintiff contends that this sentence was improper due to a two point enhancement based on a firearm arrest.[2]

Defendant opposes the instant request on several grounds; the most important of which is that the motion is time-barred. As previously noted, sentencing occurred on August 21, 2002;

---

[1] According to plaintiff, this reflected the standard practice of a 50% reduction of a sentence within the guideline range of 168 to 210 months. (Plaintiff's Memo.: ¶ 10). However, plaintiff argues that if two points were not added, the range would have been 135 to 168 months, and if he had been given an additional two level reduction as a minor participant, the range would have been decreased even further to 87 to 108 months. Thus, based on the standard practice, he could have received a sentence of 44 to 54 months. (Plaintiff's Memo.: ¶ 11; pg.5).

[2] Plaintiff states that while in St. Charles, Missouri to collect money for a previous drug sale, he was arrested when three weapons were found in a car in which he was a passenger. (Plaintiff's Memorandum: ¶ 5). Although he was arrested, plaintiff contends that there was no conviction following the arrest. (Id).

therefore, plaintiff's conviction became a final judgment on August 31, 2002. Pursuant to the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), plaintiff had one year, or until August 31, 2003, to file a motion pursuant to § 2255. The present motion was not filed until September 22, 2004, and is therefore, untimely.[3]

Inasmuch as plaintiff's conviction was final long before Blakely was decided, any issues raised under Blakely are not preserved. United States v. Baggett, 2005 WL 825799, at *17 (D.Neb. April 11, 2005). It appears that every court that has considered the matter has determined that the rationale of Blakely does not apply retroactively to cases on collateral review. Id.; see also, Humphress v. United States, 398 F.3d 855 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 480-81 (7th Cir. 2005); United States v. Price, 400 F.3d 844 (10th Cir. 2005); Varela v. United States, 400 F.3d 864 (11th Cir. 2005).

Accordingly, it is hereby

ORDERED that plaintiff's motion to vacate (ECF doc. 1) is DENIED.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

April 22, 2005

Kansas City, Missouri

---

[3]In his memorandum in support of his motion, plaintiff neither addresses this frailty, nor seeks to cure it by presentment of an argument supporting equitable tolling.